IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JAMES W. MCLANE AND MONICA MCLANE
AS CO-SPECIAL ADMINISTRATORS OF THE
ESTATE OF BARBARA JEAN MCLANE, DECEASED
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF BARBARA JEAN MCLANE;
THOMAS D. WALDRON, AS SUCCESSOR
SPECIAL ADMINISTRATOR OF THE ESTATE OF
AIDEN JAMES WINSLOW MCLANE, DECEASED
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF AIDEN JAMES WINSLOW MCLANE;
AND CYNTHIA PARSONS-GASS, AS GUARDIAN AD LITEM
FOR AUBRIE LYNN MCLANE AND
ALYSSA LEANN PARSONS, MINORS                          PLAINTIFFS

v.                       No. 2:11-cv-00101 KGB

RICH TRANSPORT, INC. d/b/a RICH LOGISTICS;
AAA COOPER TRANSPORTATION, INC.; JERRY SMITH;
AND FLORENTINO CAMPOS                                 DEFENDANTS

**ORDER**

AAA Cooper Transportation, Inc. ("AAA Cooper") and Florentino Campos have moved *in limine* to exclude any evidence of Mr. Campos's cell phone use on the day of the accident (Dkt. No. 138). Plaintiffs' have responded (Dkt. No. 185).

The Court denies the motion as to Mr. Campos's cell phone records on the day of the accident. A critical issue in this case is whether Mr. Campos was distracted on the day of the accident by the use of his cell phone. The jury may consider Mr. Campos's cell phone records on the day of the accident and draw whatever inferences it chooses. The defendants' argument regarding the timing of calls in relation to the accident goes to the weight of the evidence, not its admissibility. *See, e.g.*, *Graves v. Toyota Motor Corp.*, 2011 WL 4590768 (S.D. Miss. 2011); *Raspberry v. USF Holland, Inc.*, 2009 WL 2589840 (E.D. Ky. 2009). The evidence is prejudicial,

but its probative value regarding the events surrounding the accident outweighs the potential for unfair prejudice.  *See* Fed. R. Evid. 403.

The Court grants the motion as to the anticipated testimony of Kelley Adamson.  Neither he nor any other witness may testify that Mr. Campos was distracted by his cell phone when the accident occurred.  Assuming without deciding that Mr. Adamson has scientific or other specialized knowledge regarding cell phone usage while driving, Mr. Adamson's opinion that Mr. Campos was distracted at or near the time of the collision will not help the jury.  Mr. Campos's cell phone records indicate that he did not place or receive a call within six minutes of the accident.  While the records indicate that Mr. Campos received a text message around the time of the collision, any opinion that Mr. Campos was focused on or interacting with his cell phone at that time is too speculative to assist the jury.  "Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case."  *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006); *see, e.g.*, *Graves*, 2011 WL 4590768, at *6 (excluding expert testimony that driver must have been focused on or interacting with his cell phone at or near the time of the accident because he sent a text message five or six minutes before).  The jurors may consider Mr. Campos's cell phone records on the day of the accident and decide for themselves wether Mr. Campos was distracted.

SO ORDERED this 6th day of September, 2012.

*(signature)*
_____
Kristine G. Baker
United States District Judge