IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JAMES W. MCLANE AND MONICA MCLANE
AS CO-SPECIAL ADMINISTRATORS OF THE
ESTATE OF BARBARA JEAN MCLANE, DECEASED
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF BARBARA JEAN MCLANE;
THOMAS D. WALDRON, AS SUCCESSOR
SPECIAL ADMINISTRATOR OF THE ESTATE OF
AIDEN JAMES WINSLOW MCLANE, DECEASED
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF AIDEN JAMES WINSLOW MCLANE;
AND CYNTHIA PARSONS-GASS, AS GUARDIAN AD LITEM
FOR AUBRIE LYNN MCLANE AND
ALYSSA LEANN PARSONS, MINORS

                                                                              PLAINTIFFS

v.                                         No. 2:11-cv-00101 KGB

RICH TRANSPORT, INC. d/b/a RICH LOGISTICS;
AAA COOPER TRANSPORTATION, INC.; JERRY SMITH;
AND FLORENTINO CAMPOS                                   DEFENDANTS

ORDER

        Plaintiffs and defendants filed motions *in limine* in this matter, and the party or parties

opposing the motions filed responses.   The Court heard argument from counsel on the motions at

the pretrial hearing conducted in this matter on August 16, 2012.   The Court addresses the

pending motions:

        1.      Defendants move to exclude the Arkansas Uniform Motor Vehicle Collision

Report (Dkt. No. 113).   Defendants also move to exclude testimony of Troopers Kurt Ziegenhorn

and Al Davenport (Dkt. No. 142).

        The Court concludes the Arkansas Uniform Motor Vehicle Collision Report itself is not

admissible.   Fed. R. Evid. 401 and 801(c); *see also* Ark. Code Ann. § 27-53-208(b)(1).

However, the Report can be used to refresh the recollection of the reporting trooper on matters

about which he had first-hand knowledge at the time he prepared the report.   Fed. R. Civ. P. 612.
The Court understands that the parties agree the witness statements at the end of the report
completed and signed by Florentino Campos, Jerry Smith, and William Robert Clontz are
admissible.

The troopers, if properly qualified, may be permitted to give opinion testimony on point of
impact, provided they were disclosed during discovery as potential expert witnesses from whom
such opinions might be elicited.   *See Ferrell v. Southern Farm Bureau Cas. Ins. Co.*, 291 Ark.
322, 724 S.W.2d 465 (1987).   The troopers are permitted to testify as lay witnesses as to matters
about which they have first-hand knowledge, including but not limited to the position of the debris
at the time they arrived on the scene, the position of the vehicles at the time they arrived on the
scene, other visible evidence at the collision scene, and weather conditions at their respective
locations at the time of the collision.   *See Nelson v. Busby*, 246 Ark. 247, 437 S.W.2d 799 (1969).

2.      Defendants move to exclude disparaging comments about trucks or the trucking
industry (Dkt. No. 115).   The motion is granted in part.   Parties, counsel, and their witnesses
should attempt to confine their references to trucks and the trucking industry to objective facts
about trucks and the trucking industry, avoiding phrases such as "lethal weapon," "deadly
weapon," and "80,000-pound projectile."   These comments are excluded under Federal Rules of
Evidence 401, 402, and 403.   The Court denies the motion to the extent it seeks to preclude
counsel for plaintiffs from asking whether certain conduct "needlessly endangers" the public.

3.      Defendants move to exclude evidence of their financial condition during the
compensatory phase of the trial (Dkt. No. 117).   The parties agreed to bifurcate the compensatory
and punitive phases of the trial.   The motion is granted to the extent plaintiffs seek to admit

evidence of the financial condition of the defendants relevant only to punitive damages.  *See Chism v. CNH Am. LLC*, 2009 WL 890523 (E.D. Ark. 2009).   Plaintiffs indicate in response to the motion that they may seek to introduce certain financial information such as the size and type of trucking operation, the financial incentives and demands of running a trucking operation governed by delivery quotas and deadlines, and the amount of operational funds devoted to safety and training in the compensatory phase of the trial.   Without having the context in which such evidence may be introduced, the Court will not preclude its introduction prior to trial but will rule on objections made to the introduction of such evidence during the course of trial.   Plaintiffs should approach the Court before introducing or eliciting such evidence.   If plaintiffs choose to introduce or elicit such evidence, they do so at their own peril.   *See, e.g.*, *City Nat'l Bank of Fort Smith v. Goodwin*, 301 Ark. 182, 783 S.W.2d 335 (1990); *KARK-TV v. Simon*, 280 Ark. 228, 656 S.W.2d 702 (1983).

4.      Defendants move to exclude expert witness Diane Caine's anticipated testimony regarding Mr. Campos's alleged failure to show pre-trip inspections and his alleged hours of service violations on November 9, 2010, November 10, 2010, and November 11, 2010 (Dkt. No. 119).   Plaintiffs represent that they do not intend to offer evidence of these alleged failures to show pre-trip inspections or alleged hours of service violations for any purpose, and, therefore, this motion *in limine* is denied as moot.   If either party believes that a door has been opened for introducing such evidence, please approach the Court before introducing or eliciting such evidence and opinions.

5.      Defendants' motion *in limine* to exclude cell phone evidence is addressed by separate order (Dkt. No. 138).

3

6.      Defendants' motion to strike the pain and suffering claim of the Estate of Barbara McLane is addressed by separate order (Dkt. No. 140).

7.      Plaintiffs move to exclude evidence of insurance (Dkt. No. 144).   The collateral-source rule prohibits evidence of (1) the deceased's life insurance and (2) the fact that the deceased's car insurance paid part of her funeral costs, unless this evidence becomes relevant for some purpose other than mitigation or reduction of damages.   Specifically, Arkansas courts have recognized four limited exceptions to the collateral-source rule.   *See Walmart Stores, Inc. v. Kilgore*, 85 Ark. App. 231, 148 S.W.3d 754 (2004); *Evans v. Wilson*, 279 Ark. 224, 650 S.W.2d 569 (1983).   If this evidence becomes relevant at trial for some purpose other than mitigation of damages, approach the bench before introducing or eliciting such evidence.

8.      Plaintiffs move to exclude evidence, testimony, and argument regarding the alleged drug use of Barbara McLane (Dkt. No. 146).   The motion is granted.   There is no indication Ms. McLane was under the influence at the time of the accident.   Therefore, the probative value of such evidence, if any, is substantially outweighed by the potential for unfair prejudice.   *See* Fed. R. Evid. 403.

9.      Plaintiffs move to exclude evidence, testimony, and argument regarding custody, guardianship, and paternity proceedings that took place after February 9, 2011 (Dkt. No. 148). Evidence of Bobby Parsons's paternity proceedings are not particularly probative of his relationship with Aiden McLane, who did not survive the accident.   Further, the potential for unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time from introducing evidence of these paternity proceedings outweighs any limited probative value. Evidence of Mr. Parsons's paternity proceedings is excluded under Rules 401, 402, and 403 of the

Federal Rules of Evidence.

The Court reserves ruling on the issue of admissibility of the evidence of custody and guardianship proceedings. Based on the plaintiffs' motion, the Court understands there were several proceedings in which Cynthia Parsons-Gass and James and Monica McLane sought custody and guardianship of the two surviving minor children of Barbara McLane and Bobby Parsons. Plaintiffs anticipate introducing evidence at trial that these two minors were diagnosed with post-traumatic stress disorder after the accident. For the Court, it is a closer call as to whether the probative value of evidence regarding custody and guardianship proceedings is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. Therefore, the Court takes this issue under advisement and directs the parties to refrain from referring to such anticipated evidence in opening statement and to approach the bench before introducing or eliciting such evidence.

10.     Plaintiffs move to exclude issues regarding Barbara McLane's boyfriends and her relationship with other women, specifically Jessica Simmons (Dkt. No. 150). The Court grants the motion as it relates to Ms. McLane's alleged boyfriends and women other than Jessica Simmons. The probative value of such evidence, if any, is substantially outweighed by the potential for unfair prejudice. *See* Fed. R. Evid. 403. As for Ms. McLane's relationship with Ms. Simmons, the Court takes this issue under advisement and directs the parties to refrain from referring to such anticipated evidence in opening statement and to approach the bench before introducing or eliciting such evidence.

11.     Defendants' motions *in limine* to exclude Larry Cole's anticipated testimony are addressed by separate order (Dkt. Nos. 153, 163).

5

12.     Plaintiffs move to exclude any reference to criminal matters involving Bobby Parsons (Dkt. No. 155).   Based on plaintiffs' motion, the Court understands the motion relates to criminal charges and convictions.   Evidence of criminal charges that did not result in convictions is excluded.   As for the criminal convictions at issue, the Court understands from plaintiffs' motion and defendants' response that the following convictions are at issue:   petit theft (2009 misdemeanor conviction), burglary and grand theft (2009 felony convictions), and cocaine possession (2011 felony conviction).

The Court takes this issue under advisement as to the petit theft and burglary and grand theft convictions.   The parties have not specified if the convictions were accompanied by imprisonment of more than one year nor have they provided the Court with sufficient information for the Court to determine whether the crimes included as elements proving—or the witness's admitting—a dishonest act or false statement.   Even if the Court rules these matters admissible, the Court likely will determine that they are admissible only if Mr. Parsons takes the stand and is asked about these prior convictions during examination or cross examination.   If the Court admits the convictions, these prior convictions may not be mentioned by defendants in opening, other witness testimony, questioning, or argument before the jury before coming in through Mr. Parsons's testimony.

The Court takes under advisement Mr. Parsons's cocaine conviction, subject to the requests for additional information explained above.   Further, the Court notes that the cocaine conviction post-dates this accident and, therefore, is more likely to be excluded by the Court, subject to it being proper impeachment evidence depending on the testimony of Mr. Parsons and Cynthia Parsons-Gass.   Because the Court takes these issues under advisement, it directs the

parties to refrain from referring to such anticipated evidence in opening statement and to approach the bench before introducing or eliciting such evidence.

13.     Plaintiffs move to exclude evidence of intoxication or drug or alcohol use on the part of Bobby Parsons (Dkt. No. 157).   Evidence of Mr. Parsons's alleged intoxication or drug or alcohol use at any time other than immediately prior to, during, or immediately after the accident is excluded under Federal Rules of Evidence 401, 402, and 403.

Plaintiffs also address in their motion a post-accident medical record that reflects a purported blood test and possible results for cocaine.   The Court takes this portion of plaintiffs' motion under advisement and directs the parties to present the medical record, Dr. Coker's testimony, Dr. Coker's records, and all evidence related to this issue *in camera* for examination by the Court before presenting to the jury any evidence related to this issue.   The post-accident medical record as it relates to the blood test will not be admitted without a qualified, sponsoring witness or witnesses who were properly disclosed during discovery.   Because the Court takes these issues under advisement, it directs the parties to refrain from referring to such anticipated evidence in opening statement and to approach the bench before introducing or eliciting such evidence.

14.     Plaintiffs move to exclude certain evidence regarding the personal life and conduct of Mr. Parsons (Dkt. No. 159).   Specifically, plaintiffs move to exclude evidence of Mr. Parsons's tattoos, his relationships with women, his failure to pay child support, and a challenge to paternity for Aiden McLane.   Evidence of Mr. Parsons's tattoos is excluded under Federal Rules of Evidence 401, 402, and 403.   The Court takes under advisement the motion to exclude evidence of Mr. Parsons's relationship with Jessica Simmons and his failure to pay child support, directs the

parties to refrain from referring to such anticipated evidence in opening statement, and directs the parties to approach the bench before introducing or eliciting such evidence.   The Court excludes evidence on Mr. Parsons's relationships with any other women, aside from Ms. Simmons.   This Court ruled on the challenge to paternity in connection with a separate motion.   *See* ¶ 3.

15.   Defendants filed an omnibus motion *in limine* that addresses several discrete issues (Dkt. No. 162).

    (a)   Plaintiffs are permitted to inquire about the facts of Mr. Campos's background but are directed to avoid drawing any negative inferences or making any disparaging comments about his background.

    (b)   Defendants' motion regarding Mr. Campos's 2006 speeding ticket is taken under advisement.   Plaintiffs in their response indicate they intend to offer such evidence as "prior incidents of speeding and/or driving too fast for the conditions relevant to prove Mr. Campos's driving habits, as well as his knowledge of the consequences that can occur from driving too fast for the conditions."   Federal Rule of Evidence 406 addresses habit evidence.   The comments to the Rule quote McCormick, § 162, p. 340, for the proposition: "'Habit,' in modern usage, both lay and psychological, is more specific.   It describes one's regular response to a repeated specific situation."   Based on the information presented by the parties' briefing on this issue, the Court is uncertain that the events described rise to the level of habit evidence and, therefore, takes the issue under advisement.   Because the Court takes these issues under advisement, it directs the parties to refrain from referring to

such anticipated evidence in opening statement and to approach the bench before introducing or eliciting such evidence.

(c)     Plaintiffs represent that they do not intend to introduce evidence at trial of Mr. Campos's prior employment from May 2000 to March 2002; the reasons Mr. Campos quit his job at Andrews Distributing in 2004; a 2005 overweight ticket; and an October 5, 2005, counseling incident.

(d)     Plaintiffs agree to redact Linda Rose's Bereavement Assessment Note dated February 22, 2011.

(e)     Defendants' motion regarding Kelley Adamson's testimony critical of Mr. Campos's driving is denied.

(f)     Defendants' motion regarding Trooper Ziegenhorn's characterization of Mr. Campos's comment at the scene is denied.

16.     The Court heard argument related to stipulations and deposition designations and will rule on those issues in a separate order.

SO ORDERED this 7th day of September, 2012.

_____
Kristine G. Baker
United States District Judge